violation of DATA 2000 and for the off label use of pain treatment; and g) making false claims of superiority regarding the diversion and safety characteristics of Suboxone film.

186.   In committing the acts described herein, Defendants knowingly presented, or caused to be presented, false or fraudulent claims to agencies of the Commonwealth of Virginia for payment or approval.  Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce these agencies to approve and pay such false and fraudulent claims.  The false claims of superiority referenced above were made by Defendants in an intentional effort to destroy competition and potential competition for the Suboxone brand.

187.   In addition, Defendants conspired with each other and with others to defraud Virginia by inducing its agencies to pay or approve false or fraudulent claims.

188.   Virginia and its agencies, unaware of the falsity of the records, statements and claims made, used, presented, or caused to be made, used or presented by Defendants, paid and continues to pay claims that would not be paid but for Defendants' illegal inducements and/or business practices.

189.   Defendants' conduct was the proximate and actual cause of very significant actual loss and damages to the Commonwealth of Virginia.

190.   The Commonwealth of Virginia is entitled to the maximum penalty of $10,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT 9

## Violation of the Massachusetts False Claims Act

## Mass. Ann. Laws ch. 12, §§ 5(A)–(O)

191.    All allegations set forth in this Complaint are incorporated into this Count as if fully set forth herein.

192.    This is a claim for treble damages and penalties under the Massachusetts False Claims Act.

193.    The Defendants violated the Massachusetts False Claims Act by:  a) engaging in the off label marketing of higher Suboxone and Subutex dosages than those lawfully permitted; b) engaging in the off label marketing of Suboxone and Subutex for the purposes of induction and use during pregnancy; c) making unlawful kickback payments to TA's; d) providing unlawful kickbacks in the form of things and services of value to prescribing physicians and TA's; e) paying unlawful kickbacks to state Medicaid agencies to obtain exclusive positions on state formularies; f) marketing Suboxone and Subutex to physicians in violation of DATA 2000 and for the off label use of pain treatment; and g) making false claims of superiority regarding the diversion and safety characteristics of Suboxone film.

194.    In committing the acts described herein, Defendants knowingly presented, or caused to be presented, false or fraudulent claims to agencies of the Commonwealth of Massachusetts for payment or approval.  Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce these agencies to approve and pay such false and fraudulent claims.  The false claims of superiority referenced above were made by Defendants in an intentional effort to destroy competition and potential competition for the Suboxone brand.

195.    In addition, Defendants conspired with each other and with others to defraud Massachusetts by inducing its agencies to pay or approve false or fraudulent claims.

196.    Massachusetts and its agencies, unaware of the falsity of the records, statements and claims made, used, presented, or caused to be made, used or presented by Defendants, paid and continues to pay claims that would not be paid but for Defendants' illegal inducements and/or business practices.

197.    Defendants' conduct was the proximate and actual cause of very significant actual loss and damages to the Commonwealth of Massachusetts.

198.    The Commonwealth of Massachusetts is entitled to the maximum penalty of $10,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT 10

### Violation of the California False Claims Act

### Cal. Gov't Code §§ 12651 – 12656

199.    All allegations set forth in this Complaint are incorporated into this Count as if fully set forth herein.

200.    This is a claim for treble damages and penalties under the California False Claims Act.

201.    The Defendants violated the California False Claims Act by:  a) engaging in the off label marketing of higher Suboxone and Subutex dosages than those lawfully permitted; b) engaging in the off label marketing of Suboxone and Subutex for the purposes of induction and use during pregnancy; c) making unlawful kickback payments to TA's; d) providing unlawful kickbacks in the form of things and services of value to prescribing physicians and TA's; e)

62

paying unlawful kickbacks to state Medicaid agencies to obtain exclusive positions on state formularies; f) marketing Suboxone and Subutex to physicians in violation of DATA 2000 and for the off label use of pain treatment; and g) making false claims of superiority regarding the diversion and safety characteristics of Suboxone film.

202.    In committing the acts described herein, Defendants knowingly presented, or caused to be presented, false or fraudulent claims to agencies of the State of California for payment or approval.  Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce these agencies to approve and pay such false and fraudulent claims.  The false claims of superiority referenced above were made by Defendants in an intentional effort to destroy competition and potential competition for the Suboxone brand.

203.    In addition, Defendants conspired with each other and with others to defraud California by inducing its agencies to pay or approve false or fraudulent claims.

204.    California and its agencies, unaware of the falsity of the records, statements and claims made, used, presented, or caused to be made, used or presented by Defendants, paid and continues to pay claims that would not be paid but for Defendants' illegal inducements and/or business practices.

205.    Defendants' conduct was the proximate and actual cause of very significant actual loss and damages to the State of California.

206.    The State of California is entitled to the maximum penalty of $10,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT 11

### Violation of the Colorado Medicaid False Claims Act

### Colo. Rev. Stat. §§ 25.5-4-303.5 to 25.5-4-310

207.    All allegations set forth in this Complaint are incorporated into this Count as if fully set forth herein.

208.    This is a claim for treble damages and penalties under the Colorado Medicaid False Claims Act.

209.    The Defendants violated the Colorado Medicaid False Claims Act by:  a) engaging in the off label marketing of higher Suboxone and Subutex dosages than those lawfully permitted; b) engaging in the off label marketing of Suboxone and Subutex for the purposes of induction and use during pregnancy; c) making unlawful kickback payments to TA's; d) providing unlawful kickbacks in the form of things and services of value to prescribing physicians and TA's; e) paying unlawful kickbacks to state Medicaid agencies to obtain exclusive positions on state formularies; f) marketing Suboxone and Subutex to physicians in violation of DATA 2000 and for the off label use of pain treatment; and g) making false claims of superiority regarding the diversion and safety characteristics of Suboxone film.

210.    In committing the acts described herein, Defendants knowingly presented, or caused to be presented, false or fraudulent claims to agencies of the State of Colorado for payment or approval.  Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce these agencies to approve and pay such false and fraudulent claims.  The false claims of superiority referenced above were made by Defendants in an intentional effort to destroy competition and potential competition for the Suboxone brand.

211.    In addition, Defendants conspired with each other and with others to defraud Colorado by inducing its agencies to pay or approve false or fraudulent claims.

212.    Colorado and its agencies, unaware of the falsity of the records, statements and claims made, used, presented, or caused to be made, used or presented by Defendants, paid and continues to pay claims that would not be paid but for Defendants' illegal inducements and/or business practices.

213.    Defendants' conduct was the proximate and actual cause of very significant actual loss and damages to the State of Colorado.

214.    The State of Colorado is entitled to the maximum penalty of $10,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT 12

### Violation of the Connecticut Medicaid False Claims Act

### Chapter 319v Sec. §17b – 301b, et al

215.    All allegations set forth in this Complaint are incorporated into this Count as if fully set forth herein.

216.    This is a claim for treble damages and penalties under the Connecticut Medicaid False Claims Act.

217.    The Defendants violated the Connecticut Medicaid False Claims Act by:  a) engaging in the off label marketing of higher Suboxone and Subutex dosages than those lawfully permitted; b) engaging in the off label marketing of Suboxone and Subutex for the purposes of induction and use during pregnancy; c) making unlawful kickback payments to TA's; d) providing unlawful kickbacks in the form of things and services of value to prescribing

physicians and TA's; e) paying unlawful kickbacks to state Medicaid agencies to obtain

exclusive positions on state formularies; f) marketing Suboxone and Subutex to physicians in

violation of DATA 2000 and for the off label use of pain treatment; and g) making false claims

of superiority regarding the diversion and safety characteristics of Suboxone film.

218.     In committing the acts described herein, Defendants knowingly presented, or

caused to be presented, false or fraudulent claims to agencies of the State of Connecticut for

payment or approval.  Defendants knowingly made, used, or caused to be made or used false

records and statements, and omitted material facts, to induce these agencies to approve and pay

such false and fraudulent claims.  The false claims of superiority referenced above were made by

Defendants in an intentional effort to destroy competition and potential competition for the

Suboxone brand.

219.     In addition, Defendants conspired with each other and with others to defraud

Connecticut by inducing its agencies to pay or approve false or fraudulent claims.

220.     Connecticut and its agencies, unaware of the falsity of the records, statements and

claims made, used, presented, or caused to be made, used or presented by Defendants, paid and

continues to pay claims that would not be paid but for Defendants' illegal inducements and/or

business practices.

221.     Defendants' conduct was the proximate and actual cause of very significant actual

loss and damages to the State of Connecticut.

222.     The State of Connecticut is entitled to the maximum penalty of $10,000 for each

and every false or fraudulent claim, record or statement made, used, presented or caused to be

made, used or presented by Defendants.

## COUNT 13

### Violation of the Delaware False Claims and Reporting Act

### Del. Code Ann. tit. 6, §§ 1201– 11

223.    All allegations set forth in this Complaint are incorporated into this Count as if fully set forth herein.

224.    This is a claim for treble damages and penalties under the Delaware False Claims and Reporting Act.

225.    The Defendants violated the Delaware False Claims and Reporting Act by:  a) engaging in the off label marketing of higher Suboxone and Subutex dosages than those lawfully permitted; b) engaging in the off label marketing of Suboxone and Subutex for the purposes of induction and use during pregnancy; c) making unlawful kickback payments to TA's; d) providing unlawful kickbacks in the form of things and services of value to prescribing physicians and TA's; e) paying unlawful kickbacks to state Medicaid agencies to obtain exclusive positions on state formularies; f) marketing Suboxone and Subutex to physicians in violation of DATA 2000 and for the off label use of pain treatment; and g) making false claims of superiority regarding the diversion and safety characteristics of Suboxone film.

226.    In committing the acts described herein, Defendants knowingly presented, or caused to be presented, false or fraudulent claims to agencies of the State of Delaware for payment or approval.  Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce these agencies to approve and pay such false and fraudulent claims.  The false claims of superiority referenced above were made by Defendants in an intentional effort to destroy competition and potential competition for the Suboxone brand.

Case 1:13-cv-00036-JPJ-PMS *SEALED*   Document 35-3   Filed 12/13/16   Page 8 of 61
Pageid#: 737

227.    In addition, Defendants conspired with each other and with others to defraud Delaware by inducing its agencies to pay or approve false or fraudulent claims.

228.    Delaware and its agencies, unaware of the falsity of the records, statements and claims made, used, presented, or caused to be made, used or presented by Defendants, paid and continues to pay claims that would not be paid but for Defendants' illegal inducements and/or business practices.

229.    Defendants' conduct was the proximate and actual cause of very significant actual loss and damages to the State of Delaware.

230.    The State of Delaware is entitled to the maximum penalty of $11,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT 14

### Violation of the Florida False Claims Act

### Fla. Stat. Ann. §§ 68.081–68.09

231.    All allegations set forth in this Complaint are incorporated into this Count as if fully set forth herein.

232.    This is a claim for treble damages and penalties under the Florida False Claims Act.

233.    The Defendants violated the Florida False Claims Act by:  a) engaging in the off label marketing of higher Suboxone and Subutex dosages than those lawfully permitted; b) engaging in the off label marketing of Suboxone and Subutex for the purposes of induction and use during pregnancy; c) making unlawful kickback payments to TA's; d) providing unlawful kickbacks in the form of things and services of value to prescribing physicians and TA's; e)

paying unlawful kickbacks to state Medicaid agencies to obtain exclusive positions on state formularies; f) marketing Suboxone and Subutex to physicians in violation of DATA 2000 and for the off label use of pain treatment; and g) making false claims of superiority regarding the diversion and safety characteristics of Suboxone film.

234.    In committing the acts described herein, Defendants knowingly presented, or caused to be presented, false or fraudulent claims to agencies of the State of Florida for payment or approval.  Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce these agencies to approve and pay such false and fraudulent claims.  The false claims of superiority referenced above were made by Defendants in an intentional effort to destroy competition and potential competition for the Suboxone brand.

235.    In addition, Defendants conspired with each other and with others to defraud Florida by inducing its agencies to pay or approve false or fraudulent claims.

236.    Florida and its agencies, unaware of the falsity of the records, statements and claims made, used, presented, or caused to be made, used or presented by Defendants, paid and continues to pay claims that would not be paid but for Defendants' illegal inducements and/or business practices.

237.    Defendants' conduct was the proximate and actual cause of very significant actual loss and damages to the State of Florida.

238.    The State of Florida is entitled to the maximum penalty of $11,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT 15

### Violation of the Georgia Taxpayer Protection False Claims Act

### Ga. Code Ann. §§23-3-120 – 23-3-127

239.    All allegations set forth in this Complaint are incorporated into this Count as if fully set forth herein.

240.    This is a claim for treble damages and penalties under the Georgia Taxpayer Protection False Claims Act.

241.    The Defendants violated the Georgia Taxpayer Protection False Claims Act by: a) engaging in the off label marketing of higher Suboxone and Subutex dosages than those lawfully permitted; b) engaging in the off label marketing of Suboxone and Subutex for the purposes of induction and use during pregnancy; c) making unlawful kickback payments to TA's; d) providing unlawful kickbacks in the form of things and services of value to prescribing physicians and TA's; e) paying unlawful kickbacks to state Medicaid agencies to obtain exclusive positions on state formularies; f) marketing Suboxone and Subutex to physicians in violation of DATA 2000 and for the off label use of pain treatment; and g) making false claims of superiority regarding the diversion and safety characteristics of Suboxone film.

242.    In committing the acts described herein, Defendants knowingly presented, or caused to be presented, false or fraudulent claims to agencies of the State of Georgia for payment or approval.  Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce these agencies to approve and pay such false and fraudulent claims.  The false claims of superiority referenced above were made by Defendants in an intentional effort to destroy competition and potential competition for the Suboxone brand.

70

243.    In addition, Defendants conspired with each other and with others to defraud Georgia by inducing its agencies to pay or approve false or fraudulent claims.

244.    Georgia and its agencies, unaware of the falsity of the records, statements and claims made, used, presented, or caused to be made, used or presented by Defendants, paid and continues to pay claims that would not be paid but for Defendants' illegal inducements and/or business practices.

245.    Defendants' conduct was the proximate and actual cause of very significant actual loss and damages to the State of Georgia.

246.    The State of Georgia is entitled to the maximum penalty of $11,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT 16

### Violation of the Hawaii False Claims Act

### Haw. Rev. Stat. §§661-21 – 661-29

247.    All allegations set forth in this Complaint are incorporated into this Count as if fully set forth herein.

248.    This is a claim for treble damages and penalties under the Hawaii False Claims Act.

249.    The Defendants violated the Hawaii False Claims Act by:  a) engaging in the off label marketing of higher Suboxone and Subutex dosages than those lawfully permitted; b) engaging in the off label marketing of Suboxone and Subutex for the purposes of induction and use during pregnancy; c) making unlawful kickback payments to TA's; d) providing unlawful kickbacks in the form of things and services of value to prescribing physicians and TA's; e)

Case 1:13-cv-00036-JPJ-PMS *SEALED*   Document 35-3   Filed 12/13/16   Page 12 of 61   Pageid#: 741

paying unlawful kickbacks to state Medicaid agencies to obtain exclusive positions on state formularies; f) marketing Suboxone and Subutex to physicians in violation of DATA 2000 and for the off label use of pain treatment; and g) making false claims of superiority regarding the diversion and safety characteristics of Suboxone film.

250.    In committing the acts described herein, Defendants knowingly presented, or caused to be presented, false or fraudulent claims to agencies of the State of Hawaii for payment or approval.  Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce these agencies to approve and pay such false and fraudulent claims.  The false claims of superiority referenced above were made by Defendants in an intentional effort to destroy competition and potential competition for the Suboxone brand.

251.    In addition, Defendants conspired with each other and with others to defraud Hawaii by inducing its agencies to pay or approve false or fraudulent claims.

252.    Hawaii and its agencies, unaware of the falsity of the records, statements and claims made, used, presented, or caused to be made, used or presented by Defendants, paid and continues to pay claims that would not be paid but for Defendants' illegal inducements and/or business practices.

253.    Defendants' conduct was the proximate and actual cause of very significant actual loss and damages to the State of Hawaii.

254.    The State of Hawaii is entitled to the maximum penalty of $10,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT 17

### Violation of the Illinois Whistleblower Reward and Protection Act

### 740 Ill. Compo Stat. 175/1–175/8

255.    All allegations set forth in this Complaint are incorporated into this Count as if fully set forth herein.

256.    This is a claim for treble damages and penalties under the Illinois Whistleblower Reward and Protection Act.

257.    The Defendants violated the Illinois Whistleblower Reward and Protection Act by:  a) engaging in the off label marketing of higher Suboxone and Subutex dosages than those lawfully permitted; b) engaging in the off label marketing of Suboxone and Subutex for the purposes of induction and use during pregnancy; c) making unlawful kickback payments to TA's; d) providing unlawful kickbacks in the form of things and services of value to prescribing physicians and TA's; e) paying unlawful kickbacks to state Medicaid agencies to obtain exclusive positions on state formularies; f) marketing Suboxone and Subutex to physicians in violation of DATA 2000 and for the off label use of pain treatment; and g) making false claims of superiority regarding the diversion and safety characteristics of Suboxone film.

258.    In committing the acts described herein, Defendants knowingly presented, or caused to be presented, false or fraudulent claims to agencies of the State of Illinois for payment or approval.  Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce these agencies to approve and pay such false and fraudulent claims.  The false claims of superiority referenced above were made by

Defendants in an intentional effort to destroy competition and potential competition for the Suboxone brand.

259.    In addition, Defendants conspired with each other and with others to defraud Illinois by inducing its agencies to pay or approve false or fraudulent claims.

260.    Illinois and its agencies, unaware of the falsity of the records, statements and claims made, used, presented, or caused to be made, used or presented by Defendants, paid and continues to pay claims that would not be paid but for Defendants' illegal inducements and/or business practices.

261.    Defendants' conduct was the proximate and actual cause of very significant actual loss and damages to the State of Illinois.

262.    The State of Illinois is entitled to the maximum penalty of $10,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT 18

### Violation of the Indiana False Claims and Whistleblower Protection Act

### Ind. Code Ann. §§ 5-11-5.5-1 to 5-11-5.5-18

263.    All allegations set forth in this Complaint are incorporated into this Count as if fully set forth herein.

264.    This is a claim for treble damages and penalties under the Indiana False Claims and Whistleblower Protection Act.

265.    The Defendants violated the Indiana False Claims and Whistleblower Protection Act by:  a) engaging in the off label marketing of higher Suboxone and Subutex dosages than those lawfully permitted; b) engaging in the off label marketing of Suboxone and Subutex for the

74

purposes of induction and use during pregnancy; c) making unlawful kickback payments to TA's; d) providing unlawful kickbacks in the form of things and services of value to prescribing physicians and TA's; e) paying unlawful kickbacks to state Medicaid agencies to obtain exclusive positions on state formularies; f) marketing Suboxone and Subutex to physicians in violation of DATA 2000 and for the off label use of pain treatment; and g) making false claims of superiority regarding the diversion and safety characteristics of Suboxone film.

266.    In committing the acts described herein, Defendants knowingly presented, or caused to be presented, false or fraudulent claims to agencies of the State of Indiana for payment or approval.  Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce these agencies to approve and pay such false and fraudulent claims.  The false claims of superiority referenced above were made by Defendants in an intentional effort to destroy competition and potential competition for the Suboxone brand.

267.    In addition, Defendants conspired with each other and with others to defraud Indiana by inducing its agencies to pay or approve false or fraudulent claims.

268.    Indiana and its agencies, unaware of the falsity of the records, statements and claims made, used, presented, or caused to be made, used or presented by Defendants, paid and continues to pay claims that would not be paid but for Defendants' illegal inducements and/or business practices.

269.    Defendants' conduct was the proximate and actual cause of very significant actual loss and damages to the State of Indiana.

Case 1:13-cv-00036-JPJ-PMS *SEALED*   Document 35-3   Filed 12/13/16   Page 16 of 61   Pageid#: 745

270.     The State of Indiana is entitled to the maximum penalty available for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT 19

### Violation of the Iowa False Claims Act

### Iowa Code Ann. §685.5(i) et seq.

271.     All allegations set forth in this Complaint are incorporated into this Count as if fully set forth herein.

272.     This is a claim for treble damages and penalties under the Iowa False Claims Act.

273.     The Defendants violated the Iowa False Claims Act by:  a) engaging in the off label marketing of higher Suboxone and Subutex dosages than those lawfully permitted; b) engaging in the off label marketing of Suboxone and Subutex for the purposes of induction and use during pregnancy; c) making unlawful kickback payments to TA's; d) providing unlawful kickbacks in the form of things and services of value to prescribing physicians and TA's; e) paying unlawful kickbacks to state Medicaid agencies to obtain exclusive positions on state formularies; f) marketing Suboxone and Subutex to physicians in violation of DATA 2000 and for the off label use of pain treatment; and g) making false claims of superiority regarding the diversion and safety characteristics of Suboxone film.

274.     In committing the acts described herein, Defendants knowingly presented, or caused to be presented, false or fraudulent claims to agencies of the State of Iowa for payment or approval.  Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce these agencies to approve and pay such false and fraudulent claims.  The false claims of superiority referenced above were made by

76

Defendants in an intentional effort to destroy competition and potential competition for the Suboxone brand.

275.   In addition, Defendants conspired with each other and with others to defraud Iowa by inducing its agencies to pay or approve false or fraudulent claims.

276.   Iowa and its agencies, unaware of the falsity of the records, statements and claims made, used, presented, or caused to be made, used or presented by Defendants, paid and continues to pay claims that would not be paid but for Defendants' illegal inducements and/or business practices.

277.   Defendants' conduct was the proximate and actual cause of very significant actual loss and damages to the State of Iowa.

278.   The State of Iowa is entitled to the maximum penalty of $10,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

### COUNT 20

### Violation of the Louisiana Medical Assistance Programs Integrity Law

### La. Rev. Stat. Ann. § 46:437.1 – 46.437.14

279.   All allegations set forth in this Complaint are incorporated into this Count as if fully set forth herein.

280.   This is a claim for treble damages and penalties under the Louisiana Medical Assistance Programs Integrity Law.

281.   The Defendants violated the Louisiana Medical Assistance Programs Integrity Law by:  a) engaging in the off label marketing of higher Suboxone and Subutex dosages than those lawfully permitted; b) engaging in the off label marketing of Suboxone and Subutex for the

purposes of induction and use during pregnancy; c) making unlawful kickback payments to

TA's; d) providing unlawful kickbacks in the form of things and services of value to prescribing

physicians and TA's; e) paying unlawful kickbacks to state Medicaid agencies to obtain

exclusive positions on state formularies; f) marketing Suboxone and Subutex to physicians in

violation of DATA 2000 and for the off label use of pain treatment; and g) making false claims

of superiority regarding the diversion and safety characteristics of Suboxone film.

     282.    In committing the acts described herein, Defendants knowingly presented, or

caused to be presented, false or fraudulent claims to agencies of the State of Louisiana for

payment or approval.  Defendants knowingly made, used, or caused to be made or used false

records and statements, and omitted material facts, to induce these agencies to approve and pay

such false and fraudulent claims.  The false claims of superiority referenced above were made by

Defendants in an intentional effort to destroy competition and potential competition for the

Suboxone brand.

     283.    In addition, Defendants conspired with each other and with others to defraud

Louisiana by inducing its agencies to pay or approve false or fraudulent claims.

     284.    Louisiana and its agencies, unaware of the falsity of the records, statements and

claims made, used, presented, or caused to be made, used or presented by Defendants, paid and

continues to pay claims that would not be paid but for Defendants' illegal inducements and/or

business practices.

     285.    Defendants' conduct was the proximate and actual cause of very significant actual

loss and damages to the State of Louisiana.

286.   The State of Louisiana is entitled to the maximum penalty of $10,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT 21

### Violation of the Maryland False Health Claims Act

### Md. Health-Gen Code Ann. §§ 2-601–2-611

287.   All allegations set forth in this Complaint are incorporated into this Count as if fully set forth herein.

288.   This is a claim for treble damages and penalties under the Maryland False Health Claims Act.

289.   The Defendants violated the Maryland False Health Claims Act by:  a) engaging in the off label marketing of higher Suboxone and Subutex dosages than those lawfully permitted; b) engaging in the off label marketing of Suboxone and Subutex for the purposes of induction and use during pregnancy; c) making unlawful kickback payments to TA's; d) providing unlawful kickbacks in the form of things and services of value to prescribing physicians and TA's; e) paying unlawful kickbacks to state Medicaid agencies to obtain exclusive positions on state formularies; f) marketing Suboxone and Subutex to physicians in violation of DATA 2000 and for the off label use of pain treatment; and g) making false claims of superiority regarding the diversion and safety characteristics of Suboxone film.

290.   In committing the acts described herein, Defendants knowingly presented, or caused to be presented, false or fraudulent claims to agencies of the State of Maryland for payment or approval.  Defendants knowingly made, used, or caused to be made or used false

records and statements, and omitted material facts, to induce these agencies to approve and pay

such false and fraudulent claims.  The false claims of superiority referenced above were made by

Defendants in an intentional effort to destroy competition and potential competition for the

Suboxone brand.

291.    In addition, Defendants conspired with each other and with others to defraud

Maryland by inducing its agencies to pay or approve false or fraudulent claims.

292.    Maryland and its agencies, unaware of the falsity of the records, statements and

claims made, used, presented, or caused to be made, used or presented by Defendants, paid and

continues to pay claims that would not be paid but for Defendants' illegal inducements and/or

business practices.

293.    Defendants' conduct was the proximate and actual cause of very significant actual

loss and damages to the State of Maryland.

294.    The State of Maryland is entitled to the maximum penalty of $10,000 for each and

every false or fraudulent claim, record or statement made, used, presented or caused to be made,

used or presented by Defendants.

## COUNT 22

### Violation of the Michigan Medicaid False Claims Act

### Mich. Comp. Laws §§400.601 – 400.615

295.    All allegations set forth in this Complaint are incorporated into this Count as if

fully set forth herein.

296.    This is a claim for treble damages and penalties under the Michigan Medicaid

False Claims Act.

297.    The Defendants violated the Michigan Medicaid False Claims Act by:  a) engaging in the off label marketing of higher Suboxone and Subutex dosages than those lawfully permitted; b) engaging in the off label marketing of Suboxone and Subutex for the purposes of induction and use during pregnancy; c) making unlawful kickback payments to TA's; d) providing unlawful kickbacks in the form of things and services of value to prescribing physicians and TA's; e) paying unlawful kickbacks to state Medicaid agencies to obtain exclusive positions on state formularies; f) marketing Suboxone and Subutex to physicians in violation of DATA 2000 and for the off label use of pain treatment; and g) making false claims of superiority regarding the diversion and safety characteristics of Suboxone film.

298.    In committing the acts described herein, Defendants knowingly presented, or caused to be presented, false or fraudulent claims to agencies of the State of Michigan for payment or approval.  Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce these agencies to approve and pay such false and fraudulent claims.  The false claims of superiority referenced above were made by Defendants in an intentional effort to destroy competition and potential competition for the Suboxone brand.

299.    In addition, Defendants conspired with each other and with others to defraud Michigan by inducing its agencies to pay or approve false or fraudulent claims.

300.    Michigan and its agencies, unaware of the falsity of the records, statements and claims made, used, presented, or caused to be made, used or presented by Defendants, paid and continues to pay claims that would not be paid but for Defendants' illegal inducements and/or business practices.

301.    Defendants' conduct was the proximate and actual cause of very significant actual loss and damages to the State of Michigan.

302.    The State of Michigan is entitled to the maximum penalty of $10,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT 23

### Violation of the Minnesota False Claims Act

### Minn. Stat. §§ 15C.01 – 15C.16

303.    All allegations set forth in this Complaint are incorporated into this Count as if fully set forth herein.

304.    This is a claim for treble damages and penalties under the Minnesota False Claims Act.

305.    The Defendants violated the Minnesota False Claims Act by:  a) engaging in the off label marketing of higher Suboxone and Subutex dosages than those lawfully permitted; b) engaging in the off label marketing of Suboxone and Subutex for the purposes of induction and use during pregnancy; c) making unlawful kickback payments to TA's; d) providing unlawful kickbacks in the form of things and services of value to prescribing physicians and TA's; e) paying unlawful kickbacks to state Medicaid agencies to obtain exclusive positions on state formularies; f) marketing Suboxone and Subutex to physicians in violation of DATA 2000 and for the off label use of pain treatment; and g) making false claims of superiority regarding the diversion and safety characteristics of Suboxone film.

306.    In committing the acts described herein, Defendants knowingly presented, or caused to be presented, false or fraudulent claims to agencies of the State of Minnesota for

82

payment or approval.  Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce these agencies to approve and pay such false and fraudulent claims.  The false claims of superiority referenced above were made by Defendants in an intentional effort to destroy competition and potential competition for the Suboxone brand.

307.    In addition, Defendants conspired with each other and with others to defraud Minnesota by inducing its agencies to pay or approve false or fraudulent claims.

308.    Minnesota and its agencies, unaware of the falsity of the records, statements and claims made, used, presented, or caused to be made, used or presented by Defendants, paid and continues to pay claims that would not be paid but for Defendants' illegal inducements and/or business practices.

309.    Defendants' conduct was the proximate and actual cause of very significant actual loss and damages to the State of Minnesota.

310.    The State of Minnesota is entitled to the maximum penalty of $11,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT 24

### Violation of the Montana False Claims Act

### Mont. Code Ann. §§ 17-8-401 – 17-8-416

311.    All allegations set forth in this Complaint are incorporated into this Count as if fully set forth herein.

312.    This is a claim for treble damages and penalties under the Montana False Claims Act.

Case 1:13-cv-00036-JPJ-PMS *SEALED*   Document 35-3   Filed 12/13/16   Page 24 of 61   Pageid#: 753

313.    The Defendants violated the Montana False Claims Act by:  a) engaging in the off label marketing of higher Suboxone and Subutex dosages than those lawfully permitted; b) engaging in the off label marketing of Suboxone and Subutex for the purposes of induction and use during pregnancy; c) making unlawful kickback payments to TA's; d) providing unlawful kickbacks in the form of things and services of value to prescribing physicians and TA's; e) paying unlawful kickbacks to state Medicaid agencies to obtain exclusive positions on state formularies; f) marketing Suboxone and Subutex to physicians in violation of DATA 2000 and for the off label use of pain treatment; and g) making false claims of superiority regarding the diversion and safety characteristics of Suboxone film.

314.    In committing the acts described herein, Defendants knowingly presented, or caused to be presented, false or fraudulent claims to agencies of the State of Montana for payment or approval.  Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce these agencies to approve and pay such false and fraudulent claims.  The false claims of superiority referenced above were made by Defendants in an intentional effort to destroy competition and potential competition for the Suboxone brand.

315.    In addition, Defendants conspired with each other and with others to defraud Montana by inducing its agencies to pay or approve false or fraudulent claims.

316.    Montana and its agencies, unaware of the falsity of the records, statements and claims made, used, presented, or caused to be made, used or presented by Defendants, paid and continues to pay claims that would not be paid but for Defendants' illegal inducements and/or business practices.

84

317.    Defendants' conduct was the proximate and actual cause of very significant actual loss and damages to the State of Montana.

318.    The State of Montana is entitled to the maximum penalty of $10,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT 25

### Violation of the Nevada False Claims Act

### Nev. Rev. Stat. Ann. §§ 357.010 – 357.250

319.    All allegations set forth in this Complaint are incorporated into this Count as if fully set forth herein.

320.    This is a claim for treble damages and penalties under the Nevada False Claims Act.

321.    The Defendants violated the Nevada False Claims Act by:  a) engaging in the off label marketing of higher Suboxone and Subutex dosages than those lawfully permitted; b) engaging in the off label marketing of Suboxone and Subutex for the purposes of induction and use during pregnancy; c) making unlawful kickback payments to TA's; d) providing unlawful kickbacks in the form of things and services of value to prescribing physicians and TA's; e) paying unlawful kickbacks to state Medicaid agencies to obtain exclusive positions on state formularies; f) marketing Suboxone and Subutex to physicians in violation of DATA 2000 and for the off label use of pain treatment; and g) making false claims of superiority regarding the diversion and safety characteristics of Suboxone film.

322.    In committing the acts described herein, Defendants knowingly presented, or caused to be presented, false or fraudulent claims to agencies of the State of Nevada for payment

or approval. Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce these agencies to approve and pay such false and fraudulent claims. The false claims of superiority referenced above were made by Defendants in an intentional effort to destroy competition and potential competition for the Suboxone brand.

323.    In addition, Defendants conspired with each other and with others to defraud Nevada by inducing its agencies to pay or approve false or fraudulent claims.

324.    Nevada and its agencies, unaware of the falsity of the records, statements and claims made, used, presented, or caused to be made, used or presented by Defendants, paid and continues to pay claims that would not be paid but for Defendants' illegal inducements and/or business practices.

325.    Defendants' conduct was the proximate and actual cause of very significant actual loss and damages to the State of Nevada.

326.    The State of Nevada is entitled to the maximum penalty of $10,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT 26

### Violation of the New Hampshire False Claims Act

### NH. Rev. Stat. Ann. §§ 167:61-b, et seq.

327.    All allegations set forth in this Complaint are incorporated into this Count as if fully set forth herein.

328.    This is a claim for treble damages and penalties under the New Hampshire False Claims Act.

329.   The Defendants violated the New Hampshire False Claims Act by:  a) engaging in the off label marketing of higher Suboxone and Subutex dosages than those lawfully permitted; b) engaging in the off label marketing of Suboxone and Subutex for the purposes of induction and use during pregnancy; c) making unlawful kickback payments to TA's; d) providing unlawful kickbacks in the form of things and services of value to prescribing physicians and TA's; e) paying unlawful kickbacks to state Medicaid agencies to obtain exclusive positions on state formularies; f) marketing Suboxone and Subutex to physicians in violation of DATA 2000 and for the off label use of pain treatment; and g) making false claims of superiority regarding the diversion and safety characteristics of Suboxone film.

330.   In committing the acts described herein, Defendants knowingly presented, or caused to be presented, false or fraudulent claims to agencies of the State of New Hampshire for payment or approval.  Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce these agencies to approve and pay such false and fraudulent claims.  The false claims of superiority referenced above were made by Defendants in an intentional effort to destroy competition and potential competition for the Suboxone brand.

331.   In addition, Defendants conspired with each other and with others to defraud New Hampshire by inducing its agencies to pay or approve false or fraudulent claims.

332.   New Hampshire and its agencies, unaware of the falsity of the records, statements and claims made, used, presented, or caused to be made, used or presented by Defendants, paid and continues to pay claims that would not be paid but for Defendants' illegal inducements and/or business practices.

333. Defendants' conduct was the proximate and actual cause of very significant actual loss and damages to the State of New Hampshire.

334. The State of New Hampshire is entitled to the maximum penalty of $10,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT 27

### Violation of the New Jersey False Claims Act

### N.J. Stat. Ann. §§ 2A:32C-1 – 2A:32C-18

335. All allegations set forth in this Complaint are incorporated into this Count as if fully set forth herein.

336. This is a claim for treble damages and penalties under the New Jersey False Claims Act.

337. The Defendants violated the New Jersey False Claims Act by: a) engaging in the off label marketing of higher Suboxone and Subutex dosages than those lawfully permitted; b) engaging in the off label marketing of Suboxone and Subutex for the purposes of induction and use during pregnancy; c) making unlawful kickback payments to TA's; d) providing unlawful kickbacks in the form of things and services of value to prescribing physicians and TA's; e) paying unlawful kickbacks to state Medicaid agencies to obtain exclusive positions on state formularies; f) marketing Suboxone and Subutex to physicians in violation of DATA 2000 and for the off label use of pain treatment; and g) making false claims of superiority regarding the diversion and safety characteristics of Suboxone film.

338. In committing the acts described herein, Defendants knowingly presented, or caused to be presented, false or fraudulent claims to agencies of the State of New Jersey for

Case 1:13-cv-00036-JPJ-PMS *SEALED* Document 35-3 Filed 12/13/16 Page 29 of 61 Pageid#: 758

payment or approval. Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce these agencies to approve and pay such false and fraudulent claims. The false claims of superiority referenced above were made by Defendants in an intentional effort to destroy competition and potential competition for the Suboxone brand.

339.   In addition, Defendants conspired with each other and with others to defraud New Jersey by inducing its agencies to pay or approve false or fraudulent claims.

340.   New Jersey and its agencies, unaware of the falsity of the records, statements and claims made, used, presented, or caused to be made, used or presented by Defendants, paid and continues to pay claims that would not be paid but for Defendants' illegal inducements and/or business practices.

341.   Defendants' conduct was the proximate and actual cause of very significant actual loss and damages to the State of New Jersey.

342.   The State of New Jersey is entitled to the maximum penalty of $10,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT 28

### Violation of the New Mexico Medicaid False Claims Act

### N.M. Stat. Ann. §27-14-1 et seq.

343.   All allegations set forth in this Complaint are incorporated into this Count as if fully set forth herein.

344.   This is a claim for treble damages and penalties under the New Mexico Medicaid False Claims Act.

345.     The Defendants violated the New Mexico Medicaid False Claims Act by:  a) engaging in the off label marketing of higher Suboxone and Subutex dosages than those lawfully permitted; b) engaging in the off label marketing of Suboxone and Subutex for the purposes of induction and use during pregnancy; c) making unlawful kickback payments to TA's; d) providing unlawful kickbacks in the form of things and services of value to prescribing physicians and TA's; e) paying unlawful kickbacks to state Medicaid agencies to obtain exclusive positions on state formularies; f) marketing Suboxone and Subutex to physicians in violation of DATA 2000 and for the off label use of pain treatment; and g) making false claims of superiority regarding the diversion and safety characteristics of Suboxone film.

346.     In committing the acts described herein, Defendants knowingly presented, or caused to be presented, false or fraudulent claims to agencies of the State of New Mexico for payment or approval.  Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce these agencies to approve and pay such false and fraudulent claims.  The false claims of superiority referenced above were made by Defendants in an intentional effort to destroy competition and potential competition for the Suboxone brand.

347.     In addition, Defendants conspired with each other and with others to defraud New Mexico by inducing its agencies to pay or approve false or fraudulent claims.

348.     New Mexico and its agencies, unaware of the falsity of the records, statements and claims made, used, presented, or caused to be made, used or presented by Defendants, paid and continues to pay claims that would not be paid but for Defendants' illegal inducements and/or business practices.

349.    Defendants' conduct was the proximate and actual cause of very significant actual loss and damages to the State of New Mexico.

350.    The State of New Mexico is entitled to the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT 29

### Violation of the New York False Claims Act

### N.Y. State Fin. Law §§187 et seq.

351.    All allegations set forth in this Complaint are incorporated into this Count as if fully set forth herein.

352.    This is a claim for treble damages and penalties under the New York False Claims Act.

353.    The Defendants violated the New York False Claims Act by:  a) engaging in the off label marketing of higher Suboxone and Subutex dosages than those lawfully permitted; b) engaging in the off label marketing of Suboxone and Subutex for the purposes of induction and use during pregnancy; c) making unlawful kickback payments to TA's; d) providing unlawful kickbacks in the form of things and services of value to prescribing physicians and TA's; e) paying unlawful kickbacks to state Medicaid agencies to obtain exclusive positions on state formularies; f) marketing Suboxone and Subutex to physicians in violation of DATA 2000 and for the off label use of pain treatment; and g) making false claims of superiority regarding the diversion and safety characteristics of Suboxone film.

354.    In committing the acts described herein, Defendants knowingly presented, or caused to be presented, false or fraudulent claims to agencies of the State of New York for

payment or approval. Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce these agencies to approve and pay such false and fraudulent claims. The false claims of superiority referenced above were made by Defendants in an intentional effort to destroy competition and potential competition for the Suboxone brand.

355.    In addition, Defendants conspired with each other and with others to defraud New York by inducing its agencies to pay or approve false or fraudulent claims.

356.    New York and its agencies, unaware of the falsity of the records, statements and claims made, used, presented, or caused to be made, used or presented by Defendants, paid and continues to pay claims that would not be paid but for Defendants' illegal inducements and/or business practices.

357.    Defendants' conduct was the proximate and actual cause of very significant actual loss and damages to the State of New York.

358.    The State of New York is entitled to the maximum penalty of $12,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT 30

### Violation of the North Carolina False Claims Act

### N.C. Gen. Stat. §§ 1-605 – 1-618

359.    All allegations set forth in this Complaint are incorporated into this Count as if fully set forth herein.

360.    This is a claim for treble damages and penalties under the North Carolina False Claims Act.

361.    The Defendants violated the North Carolina False Claims Act by:  a) engaging in the off label marketing of higher Suboxone and Subutex dosages than those lawfully permitted; b) engaging in the off label marketing of Suboxone and Subutex for the purposes of induction and use during pregnancy; c) making unlawful kickback payments to TA's; d) providing unlawful kickbacks in the form of things and services of value to prescribing physicians and TA's; e) paying unlawful kickbacks to state Medicaid agencies to obtain exclusive positions on state formularies; f) marketing Suboxone and Subutex to physicians in violation of DATA 2000 and for the off label use of pain treatment; and g) making false claims of superiority regarding the diversion and safety characteristics of Suboxone film.

362.    In committing the acts described herein, Defendants knowingly presented, or caused to be presented, false or fraudulent claims to agencies of the State of North Carolina for payment or approval.  Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce these agencies to approve and pay such false and fraudulent claims.  The false claims of superiority referenced above were made by Defendants in an intentional effort to destroy competition and potential competition for the Suboxone brand.

363.    In addition, Defendants conspired with each other and with others to defraud North Carolina by inducing its agencies to pay or approve false or fraudulent claims.

364.    North Carolina and its agencies, unaware of the falsity of the records, statements and claims made, used, presented, or caused to be made, used or presented by Defendants, paid and continues to pay claims that would not be paid but for Defendants' illegal inducements and/or business practices.

365.     Defendants' conduct was the proximate and actual cause of very significant actual

loss and damages to the State of North Carolina.

366.     The State of North Carolina is entitled to the maximum penalty of $11,000 for

each and every false or fraudulent claim, record or statement made, used, presented or caused to

be made, used or presented by Defendants.

## COUNT 31

### Violation of the Oklahoma Medicaid False Claims Act

### Okla. Stat. tit. 63, §§ 5053.1 – 5053.7

367.     All allegations set forth in this Complaint are incorporated into this Count as if

fully set forth herein.

368.     This is a claim for treble damages and penalties under the Oklahoma Medicaid

False Claims Act.

369.     The Defendants violated the Oklahoma Medicaid False Claims Act by:  a)

engaging in the off label marketing of higher Suboxone and Subutex dosages than those lawfully

permitted; b) engaging in the off label marketing of Suboxone and Subutex for the purposes of

induction and use during pregnancy; c) making unlawful kickback payments to TA's; d)

providing unlawful kickbacks in the form of things and services of value to prescribing

physicians and TA's; e) paying unlawful kickbacks to state Medicaid agencies to obtain

exclusive positions on state formularies; f) marketing Suboxone and Subutex to physicians in

violation of DATA 2000 and for the off label use of pain treatment; and g) making false claims

of superiority regarding the diversion and safety characteristics of Suboxone film.

370.     In committing the acts described herein, Defendants knowingly presented, or

caused to be presented, false or fraudulent claims to agencies of the State of Oklahoma for

payment or approval.  Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce these agencies to approve and pay such false and fraudulent claims.  The false claims of superiority referenced above were made by Defendants in an intentional effort to destroy competition and potential competition for the Suboxone brand.

371.    In addition, Defendants conspired with each other and with others to defraud Oklahoma by inducing its agencies to pay or approve false or fraudulent claims.

372.    Oklahoma and its agencies, unaware of the falsity of the records, statements and claims made, used, presented, or caused to be made, used or presented by Defendants, paid and continues to pay claims that would not be paid but for Defendants' illegal inducements and/or business practices.

373.    Defendants' conduct was the proximate and actual cause of very significant actual loss and damages to the State of Oklahoma.

374.    The State of Oklahoma is entitled to the maximum penalty of $10,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT 32

### Violation of the Rhode Island False Claims Act

### R.I. Gen. Laws §§9-1.1-1 – 9-1.1-8

375.    All allegations set forth in this Complaint are incorporated into this Count as if fully set forth herein.

376.    This is a claim for treble damages and penalties under the Rhode Island False Claims Act.

377.    The Defendants violated the Rhode Island False Claims Act by: a) engaging in the off label marketing of higher Suboxone and Subutex dosages than those lawfully permitted; b) engaging in the off label marketing of Suboxone and Subutex for the purposes of induction and use during pregnancy; c) making unlawful kickback payments to TA's; d) providing unlawful kickbacks in the form of things and services of value to prescribing physicians and TA's; e) paying unlawful kickbacks to state Medicaid agencies to obtain exclusive positions on state formularies; f) marketing Suboxone and Subutex to physicians in violation of DATA 2000 and for the off label use of pain treatment; and g) making false claims of superiority regarding the diversion and safety characteristics of Suboxone film.

378.    In committing the acts described herein, Defendants knowingly presented, or caused to be presented, false or fraudulent claims to agencies of the State of Rhode Island for payment or approval.  Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce these agencies to approve and pay such false and fraudulent claims.  The false claims of superiority referenced above were made by Defendants in an intentional effort to destroy competition and potential competition for the Suboxone brand.

379.    In addition, Defendants conspired with each other and with others to defraud Rhode Island by inducing its agencies to pay or approve false or fraudulent claims.

380.    Rhode Island and its agencies, unaware of the falsity of the records, statements and claims made, used, presented, or caused to be made, used or presented by Defendants, paid and continues to pay claims that would not be paid but for Defendants' illegal inducements and/or business practices.

381.    Defendants' conduct was the proximate and actual cause of very significant actual loss and damages to the State of Rhode Island.

382.    The State of Rhode Island is entitled to the maximum penalty of $10,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT 33

### Violation of the Tennessee Medicaid False Claims Act

### Tenn. Code. Ann. §§ 71-5-181 et seq.

383.    All allegations set forth in this Complaint are incorporated into this Count as if fully set forth herein.

384.    This is a claim for treble damages and penalties under the Tennessee Medicaid False Claims Act.

385.    The Defendants violated the Tennessee Medicaid False Claims Act by:  a) engaging in the off label marketing of higher Suboxone and Subutex dosages than those lawfully permitted; b) engaging in the off label marketing of Suboxone and Subutex for the purposes of induction and use during pregnancy; c) making unlawful kickback payments to TA's; d) providing unlawful kickbacks in the form of things and services of value to prescribing physicians and TA's; e) paying unlawful kickbacks to state Medicaid agencies to obtain exclusive positions on state formularies; f) marketing Suboxone and Subutex to physicians in violation of DATA 2000 and for the off label use of pain treatment; and g) making false claims of superiority regarding the diversion and safety characteristics of Suboxone film.

386.    In committing the acts described herein, Defendants knowingly presented, or caused to be presented, false or fraudulent claims to agencies of the State of Tennessee for

Case 1:13-cv-00036-JPJ-PMS *SEALED*   Document 35-3   Filed 12/13/16   Page 38 of 61   Pageid#: 767

payment or approval. Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce these agencies to approve and pay such false and fraudulent claims. The false claims of superiority referenced above were made by Defendants in an intentional effort to destroy competition and potential competition for the Suboxone brand.

387.    In addition, Defendants conspired with each other and with others to defraud Tennessee by inducing its agencies to pay or approve false or fraudulent claims.

388.    Tennessee and its agencies, unaware of the falsity of the records, statements and claims made, used, presented, or caused to be made, used or presented by Defendants, paid and continues to pay claims that would not be paid but for Defendants' illegal inducements and/or business practices.

389.    Defendants' conduct was the proximate and actual cause of very significant actual loss and damages to the State of Tennessee.

390.    The State of Tennessee is entitled to the maximum penalty of $10,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT 34

### Violation of the Texas Medicaid Fraud Prevention Act

### Tex. Hum. Res. Code Ann. §§ 36.001–36.132

391.    All allegations set forth in this Complaint are incorporated into this Count as if fully set forth herein.

392.    This is a claim for treble damages and penalties under the Texas Medicaid Fraud Prevention Act.

Case 1:13-cv-00036-JPJ-PMS *SEALED*   Document 35-3   Filed 12/13/16   Page 39 of 61   Pageid#: 768

393. The Defendants violated the Texas Medicaid Fraud Prevention Act by: a) engaging in the off label marketing of higher Suboxone and Subutex dosages than those lawfully permitted; b) engaging in the off label marketing of Suboxone and Subutex for the purposes of induction and use during pregnancy; c) making unlawful kickback payments to TA's; d) providing unlawful kickbacks in the form of things and services of value to prescribing physicians and TA's; e) paying unlawful kickbacks to state Medicaid agencies to obtain exclusive positions on state formularies; f) marketing Suboxone and Subutex to physicians in violation of DATA 2000 and for the off label use of pain treatment; and g) making false claims of superiority regarding the diversion and safety characteristics of Suboxone film.

394. In committing the acts described herein, Defendants knowingly presented, or caused to be presented, false or fraudulent claims to agencies of the State of Texas for payment or approval. Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce these agencies to approve and pay such false and fraudulent claims. The false claims of superiority referenced above were made by Defendants in an intentional effort to destroy competition and potential competition for the Suboxone brand.

395. In addition, Defendants conspired with each other and with others to defraud Texas by inducing its agencies to pay or approve false or fraudulent claims.

396. Texas and its agencies, unaware of the falsity of the records, statements and claims made, used, presented, or caused to be made, used or presented by Defendants, paid and continues to pay claims that would not be paid but for Defendants' illegal inducements and/or business practices.

397.    Defendants' conduct was the proximate and actual cause of very significant actual loss and damages to the State of Texas.

398.    The State of Texas is entitled to the maximum penalty of $11,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT 35

### Violation of the Vermont False Claims Act

### 32 V.S.A. chapter 7, subchapter 8 et seq.

399.    All allegations set forth in this Complaint are incorporated into this Count as if fully set forth herein.

400.    This is a claim for treble damages and penalties under the Vermont False Claims Act.

401.    The Defendants violated the Vermont False Claims Act by:  a) engaging in the off label marketing of higher Suboxone and Subutex dosages than those lawfully permitted; b) engaging in the off label marketing of Suboxone and Subutex for the purposes of induction and use during pregnancy; c) making unlawful kickback payments to TA's; d) providing unlawful kickbacks in the form of things and services of value to prescribing physicians and TA's; e) paying unlawful kickbacks to state Medicaid agencies to obtain exclusive positions on state formularies; f) marketing Suboxone and Subutex to physicians in violation of DATA 2000 and for the off label use of pain treatment; and g) making false claims of superiority regarding the diversion and safety characteristics of Suboxone film.

402.    In committing the acts described herein, Defendants knowingly presented, or caused to be presented, false or fraudulent claims to agencies of the State of Vermont for

payment or approval.  Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce these agencies to approve and pay such false and fraudulent claims.  The false claims of superiority referenced above were made by Defendants in an intentional effort to destroy competition and potential competition for the Suboxone brand.

403.    In addition, Defendants conspired with each other and with others to defraud Vermont by inducing its agencies to pay or approve false or fraudulent claims.

404.    Vermont and its agencies, unaware of the falsity of the records, statements and claims made, used, presented, or caused to be made, used or presented by Defendants, paid and continues to pay claims that would not be paid but for Defendants' illegal inducements and/or business practices.

405.    Defendants' conduct was the proximate and actual cause of very significant actual loss and damages to the State of Vermont.

406.    The State of Vermont is entitled to the maximum penalty of $10,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT 36

### Violation of the Washington State Medicaid Fraud False Claims Act

### Chapter 77 RCW §§74.66 et seq.

407.    All allegations set forth in this Complaint are incorporated into this Count as if fully set forth herein.

408.    This is a claim for treble damages and penalties under the Washington State Medicaid Fraud False Claims Act.

409.    The Defendants violated the Washington State Medicaid Fraud False Claims Act by:  a) engaging in the off label marketing of higher Suboxone and Subutex dosages than those lawfully permitted; b) engaging in the off label marketing of Suboxone and Subutex for the purposes of induction and use during pregnancy; c) making unlawful kickback payments to TA's; d) providing unlawful kickbacks in the form of things and services of value to prescribing physicians and TA's; e) paying unlawful kickbacks to state Medicaid agencies to obtain exclusive positions on state formularies; f) marketing Suboxone and Subutex to physicians in violation of DATA 2000 and for the off label use of pain treatment; and g) making false claims of superiority regarding the diversion and safety characteristics of Suboxone film.

410.    In committing the acts described herein, Defendants knowingly presented, or caused to be presented, false or fraudulent claims to agencies of the State of Washington for payment or approval.  Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce these agencies to approve and pay such false and fraudulent claims.  The false claims of superiority referenced above were made by Defendants in an intentional effort to destroy competition and potential competition for the Suboxone brand.

411.    In addition, Defendants conspired with each other and with others to defraud Washington by inducing its agencies to pay or approve false or fraudulent claims.

412.    Washington and its agencies, unaware of the falsity of the records, statements and claims made, used, presented, or caused to be made, used or presented by Defendants, paid and continues to pay claims that would not be paid but for Defendants' illegal inducements and/or business practices.

102

413.     Defendants' conduct was the proximate and actual cause of very significant actual loss and damages to the State of Washington.

414.     The State of Washington is entitled to the maximum penalty of $11,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT 37

### Violation of the Wisconsin False Claims for Medical Assistance Law

### Wis. Stat. §20.931 et seq.

415.     All allegations set forth in this Complaint are incorporated into this Count as if fully set forth herein.

416.     This is a claim for treble damages and penalties under the Wisconsin False Claims for Medical Assistance Law.

417.     The Defendants violated the Wisconsin False Claims for Medical Assistance Law by:  a) engaging in the off label marketing of higher Suboxone and Subutex dosages than those lawfully permitted; b) engaging in the off label marketing of Suboxone and Subutex for the purposes of induction and use during pregnancy; c) making unlawful kickback payments to TA's; d) providing unlawful kickbacks in the form of things and services of value to prescribing physicians and TA's; e) paying unlawful kickbacks to state Medicaid agencies to obtain exclusive positions on state formularies; f) marketing Suboxone and Subutex to physicians in violation of DATA 2000 and for the off label use of pain treatment; and g) making false claims of superiority regarding the diversion and safety characteristics of Suboxone film.

418.     In committing the acts described herein, Defendants knowingly presented, or caused to be presented, false or fraudulent claims to agencies of the State of Wisconsin for

payment or approval.  Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce these agencies to approve and pay such false and fraudulent claims.  The false claims of superiority referenced above were made by Defendants in an intentional effort to destroy competition and potential competition for the Suboxone brand.

419.    In addition, Defendants conspired with each other and with others to defraud Wisconsin by inducing its agencies to pay or approve false or fraudulent claims.

420.    Wisconsin and its agencies, unaware of the falsity of the records, statements and claims made, used, presented, or caused to be made, used or presented by Defendants, paid and continues to pay claims that would not be paid but for Defendants' illegal inducements and/or business practices.

421.    Defendants' conduct was the proximate and actual cause of very significant actual loss and damages to the State of Wisconsin.

422.    The State of Wisconsin is entitled to the maximum penalty of $10,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT 38

### Violation of the District of Columbia False Claims Act

### D.C. Code §§ 2-381.01 et seq.

423.    All allegations set forth in this Complaint are incorporated into this Count as if fully set forth herein.

424.    This is a claim for treble damages and penalties under the District of Columbia False Claims Act.

Case 1:13-cv-00036-JPJ-PMS *SEALED*   Document 35-3   Filed 12/13/16   Page 45 of 61
Pageid#: 774

425.    The Defendants violated the District of Columbia False Claims Act by:  a) engaging in the off label marketing of higher Suboxone and Subutex dosages than those lawfully permitted; b) engaging in the off label marketing of Suboxone and Subutex for the purposes of induction and use during pregnancy; c) making unlawful kickback payments to TA's; d) providing unlawful kickbacks in the form of things and services of value to prescribing physicians and TA's; e) paying unlawful kickbacks to state Medicaid agencies to obtain exclusive positions on state formularies; f) marketing Suboxone and Subutex to physicians in violation of DATA 2000 and for the off label use of pain treatment; and g) making false claims of superiority regarding the diversion and safety characteristics of Suboxone film.

426.    In committing the acts described herein, Defendants knowingly presented, or caused to be presented, false or fraudulent claims to agencies of the District of Columbia for payment or approval.  Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce these agencies to approve and pay such false and fraudulent claims.  The false claims of superiority referenced above were made by Defendants in an intentional effort to destroy competition and potential competition for the Suboxone brand.

427.    In addition, Defendants conspired with each other and with others to defraud the District of Columbia by inducing its agencies to pay or approve false or fraudulent claims.

428.    The District of Columbia and its agencies, unaware of the falsity of the records, statements and claims made, used, presented, or caused to be made, used or presented by Defendants, paid and continues to pay claims that would not be paid but for Defendants' illegal inducements and/or business practices.

Case 1:13-cv-00036-JPJ-PMS *SEALED*   Document 35-3   Filed 12/13/16   Page 46 of 61
Pageid#: 775

429.    Defendants' conduct was the proximate and actual cause of very significant actual loss and damages to the District of Columbia.

430.    The District of Columbia is entitled to the maximum penalty of $11,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT 39

### Violation of the City of Chicago False Claims Act

### Municipal Code of Chicago §1-22-010 - §1-22-060

431.    All allegations set forth in this Complaint are incorporated into this Count as if fully set forth herein.

432.    This is a claim for treble damages and penalties under the City of Chicago False Claims Act.

433.    The Defendants violated the City of Chicago False Claims Act by:  a) engaging in the off label marketing of higher Suboxone and Subutex dosages than those lawfully permitted; b) engaging in the off label marketing of Suboxone and Subutex for the purposes of induction and use during pregnancy; c) making unlawful kickback payments to TA's; d) providing unlawful kickbacks in the form of things and services of value to prescribing physicians and TA's; e) paying unlawful kickbacks to state Medicaid agencies to obtain exclusive positions on state formularies; f) marketing Suboxone and Subutex to physicians in violation of DATA 2000 and for the off label use of pain treatment; and g) making false claims of superiority regarding the diversion and safety characteristics of Suboxone film.

434.    In committing the acts described herein, Defendants knowingly presented, or caused to be presented, false or fraudulent claims to agencies of the State of City of Chicago for

payment or approval.  Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce these agencies to approve and pay such false and fraudulent claims.  The false claims of superiority referenced above were made by Defendants in an intentional effort to destroy competition and potential competition for the Suboxone brand.

435.    In addition, Defendants conspired with each other and with others to defraud the City of Chicago by inducing its agencies to pay or approve false or fraudulent claims.

436.    The City of Chicago and its agencies, unaware of the falsity of the records, statements and claims made, used, presented, or caused to be made, used or presented by Defendants, paid and continues to pay claims that would not be paid but for Defendants' illegal inducements and/or business practices.

437.    Defendants' conduct was the proximate and actual cause of very significant actual loss and damages to the City of Chicago.

438.    The City of Chicago is entitled to the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT 40

### Violation of the City of New York False Claims Act

### N.Y.C. Admin. Code §7-801, et seq.

439.    All allegations set forth in this Complaint are incorporated into this Count as if fully set forth herein.

440.    This is a claim for treble damages and penalties under the City of New York False Claims Act.

441.    The Defendants violated the City of New York False Claims Act by:  a) engaging in the off label marketing of higher Suboxone and Subutex dosages than those lawfully permitted; b) engaging in the off label marketing of Suboxone and Subutex for the purposes of induction and use during pregnancy; c) making unlawful kickback payments to TA's; d) providing unlawful kickbacks in the form of things and services of value to prescribing physicians and TA's; e) paying unlawful kickbacks to state Medicaid agencies to obtain exclusive positions on state formularies; f) marketing Suboxone and Subutex to physicians in violation of DATA 2000 and for the off label use of pain treatment; and g) making false claims of superiority regarding the diversion and safety characteristics of Suboxone film.

442.    In committing the acts described herein, Defendants knowingly presented, or caused to be presented, false or fraudulent claims to agencies of the City of New York for payment or approval.  Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce these agencies to approve and pay such false and fraudulent claims.  The false claims of superiority referenced above were made by Defendants in an intentional effort to destroy competition and potential competition for the Suboxone brand.

443.    In addition, Defendants conspired with each other and with others to defraud the City of New York by inducing its agencies to pay or approve false or fraudulent claims.

444.    The City of New York and its agencies, unaware of the falsity of the records, statements and claims made, used, presented, or caused to be made, used or presented by Defendants, paid and continues to pay claims that would not be paid but for Defendants' illegal inducements and/or business practices.

Case 1:13-cv-00036-JPJ-PMS *SEALED*  Document 35-3   Filed 12/13/16   Page 49 of 61   Pageid#: 778

445.    Defendants' conduct was the proximate and actual cause of very significant actual loss and damages to the City of New York.

446.    The City of New York is entitled to the maximum penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants.

## COUNT 41

### Violation of the California Insurance Fraud Prevention Act

### California Insurance Code § 1871.7

447.    This is a claim for treble damages and penalties under the California Insurance Fraud Prevention Act.

448.    This is a claim for treble damages and penalties under the California Insurance Frauds Prevention Act, Cal. Ins. Code §1871.7, as amended (referred to in this Count as "the Act").  The Act provides for civil recoveries against persons who violate the provisions of the Act or the provisions of California Penal Code sections 549 or 550, including recovery of up to three times the amount of any fraudulent claims, and fines of between $5,000 and $10,000 for each such claim.  Cal. Ins. Code §1871.7(b).

449.    Subsection (e) of Cal. Ins. Code §1871.8 provides for a *qui tam* civil action in order to create incentives for private individuals who are aware of fraud against insurers to help disclose and prosecute the fraud.  Cal. Ins. Code §1871.1(e).  The *qui tam* provision was patterned after the Federal False Claims Act, 31 U.S.C. §3729-32, and the California False Claims Act, Cal. Gov't Code §§12650 et seq.

450.     Subsection (b) of Cal. Ins. Code §1871.7 provides for civil recoveries against

persons who violate the provisions of Penal Code sections 549 or 550.  Section 550 of the Penal

Code prohibits the following activities, among others:

    (a)    It is unlawful to do any of the following, or to aid, abet, solicit, or conspire
with any person to do any of the following:

        (5)    Knowingly prepare, make, or subscribe in writing, with the
intent to present or use it, or to allow it to be presented, in
support of any false or fraudulent claim.

        (6)    Knowingly make or cause to be made any false or
fraudulent claim for payment of a health care benefit.

    (b)    It is unlawful to do, or to knowingly assist or conspire with any person to
do so, any of the following:

        (1)    Present or cause to be presented any written or oral
statement as art of, or in support of or opposition to, a claim
for payment or other benefit pursuant to an insurance
policy, knowing that the statement contains any false or
misleading information concerning any material fact.

        (2)    Prepare or make any written or oral statement that is
intended to be presented to any insurer or any insurance
policy, knowing that the statement contains any false or
misleading information concerning any material fact.

        (3)    Conceal, or knowingly fail to disclose the occurrence of, an
event that affects any person's initial or continued right or
entitlement to any insurance benefit or payment, or the
amount of any benefit or payment to which the person is
entitled.

Cal. Penal Code §550.

451.     By virtue of the acts described in this Complaint, Defendants knowingly

presented or caused to be presented, false or fraudulent claims for health care benefits, in

violation of Penal Code §550(a).

452.     By virtue of the acts described in this Complaint, Defendants also concealed

and/or failed to disclose information that would have affected the rights of pharmacies to receive

reimbursement for prescriptions, in violation of Penal Code §550(b).

453.     Each claim for reimbursement that was inflated as a result of Defendants' illegal practices represents a false or fraudulent record or statement, and a false or fraudulent claim for payment.

454.     Private insurers, unaware of the falsity of the records, statements and claims made or caused to be made by Defendants, paid and continue to pay the claims that w2ould not be paid but for Defendants' unlawful conduct.

455.     The California State Government is entitled to receive three times the amount of each claim for compensation submitted in violation of Cal. Ins. Code §1871.7.  Additionally, the California State Government is entitled to the maximum penalty of $10,000 for each and every violation alleged herein.

## COUNT 42

### Violation of the Illinois Insurance Claims Fraud Prevention Act

### 740 Ill. Comp. Stat. §92/1

456.     All allegations set forth in this Complaint are incorporated into this Count as if fully set forth herein.

457.     This is a claim for treble damages and penalties under the Illinois Insurance Claims Fraud Prevention Act, 740 Ill. Comp. Stat. §92.

458.     Subsection 5(b) of the Illinois Insurance Claims Fraud Prevention Act provides:

> A person who violates any provision of this Act or Article 46 of the Criminal Code of 1961 shall be subject, in addition to any other penalties that may be prescribed by law, to a civil penalty of not less than $5,000 nor more than $10,000, plus an assessment of not more than 3 times the amount of each claim for compensation under a contract of insurance.

740 Ill. Comp. Stat. §92/5(b).

459.   Article 46 of the Illinois Criminal Code, referenced in the above-quoted section, provides criminal penalties for any person who commits the offense of insurance fraud, defined in the statute as follows:

> (a)  A person commits the offense of insurance fraud when he or she knowingly obtains attempts to obtain, or causes to be obtained, by deception, control over the property of an insurance company or self-insured entity by the making of a false claim or by causing a false claim to be made on any policy of insurance issued by an insurance company . . . .

720 Ill. Comp. Stat. §5/46-1(a).

460.   Subsection 15(a) of the Illinois Insurance Claims Fraud Prevent Act provides for a *qui tam* civil action in order to create incentives for private individuals to prosecute violations of the statute.  Subsection 15(a) provides:  "An interested person, including an insurer, may bring a civil action for a violation of the Act for the person and for the State of Illinois.  The action shall be brought in the name of the State."  740 Ill. Comp. Stat. §92/15(a).

461.   By virtue of the Conduct described in this Complaint, Defendants committed the following acts, or aided and abetted the commission of the following acts, in violation of the Illinois Insurance Claims Prevention Act:  knowingly obtained, attempted to obtain, and caused to be obtained, by deception, control over the property of an insurance company or self-insured entity by the making of a false claim and by causing a false claim to be made on a policy of insurance issued by an insurance company, in violation of 740 Ill. Comp. Stat. §92/5(b) and 720 Ill. Comp. Stat. §5/46-1(a).

462.   As a result of such conduct, Defendants have received illegal profits to which they were not entitled, at the expense of insurers and at the expense of the People of Illinois, in substantial amount to be determined at trial.

463.     The Illinois State Government is entitled to receive three times the amount of

each claim for compensation submitted by the Defendants in violation of 740 Ill. Comp. Stat.

§92.  Additionally, the Illinois State Government is entitled to the maximum penalty of $10,000

for each and every violation alleged herein.


**WHEREFORE**, Relator-Plaintiff, Ann Marie Williams, requests a jury trial on all issues

raised herein and that judgment be entered against the Defendants for each Count set forth above

ordering that:

1.     That this Court enter judgment against Defendants in an amount equal to three

times the amount of damages the United States has sustained because of Defendants' actions,

plus a civil penalty of not less than $10,781 and not more than $21,563 for each violation of 31

U.S.C. §3729, et seq.;

2.     That this Court enter judgment against Defendants in an amount equal to three

times the amount of damages the State of California has sustained because of Defendants'

actions, plus a civil penalty of $10,000 for each violation of Cal. Govt. Code §12691(a);

3.     That this Court enter judgment against Defendants in an amount equal to three

times the amount of damages the State of Colorado has sustained because of Defendants' action,

plus the maximum civil penalty of $10,000 for each violation of the Colorado Medicaid False

Claims Act, C.R.S. §25.5-4-304, et seq.

4.     That this Court enter judgment against Defendants in an amount equal to three

times the amount of damages the State of Connecticut has sustained because of Defendants'

actions, plus a civil penalty of $10,000 for each violation of Chapter 319v Sec. 17b-301a et seq.;

5.     That this Court enter judgment against Defendants in an amount equal to three times the amount of damages the State of Delaware has sustained because of Defendants' actions, plus a civil penalty of $11,000 for each violation of 6 Del. C. §1201(a);

6.     That this Court enter judgment against Defendants in an amount equal to three times the amount of damages the State of Florida has sustained because of Defendants' actions, plus a civil penalty of $11,000 for each violation of Fla. Stat. Ann. §68.082;

7.     That this Court enter judgment against Defendants in an amount equal to three times the amount of damages the State of Georgia has sustained because of Defendants' actions, plus a civil penalty of $11,000 for each violation of O.C.G.A. §§49-4-158 et seq.;

8.     That this Court enter judgment against Defendants in an amount equal to three times the amount of damages the State of Hawaii has sustained because of Defendants' actions, plus a civil penalty of $10,000 for each violation of Haw. Rev. Stat. §§661-21(a);

9.     That this Court enter judgment against Defendants in an amount equal to three times the amount of damages the State of Illinois has sustained because of Defendants' actions, plus a civil penalty of $10,000 for each violation of the Illinois False Claims Act, 740 Ill. Compt. Stat. §175/1 et seq., as amended 2010;

10.     That this Court enter judgment against Defendants in an amount equal to three times the amount of damages the State of Indiana has sustained because of Defendants' actions, plus civil penalties for each violation of I.C. §5-11-5.5;

11.     That this Court enter judgment against Defendants in an amount equal to three times the amount of damages the State of Iowa has sustained because of Defendants' actions, plus a civil penalty of $10,000 for each violation of the Iowa Medicaid False Claims Act;

114

12.     That this Court enter judgment against Defendants in an amount equal to three times the amount of damages the State of Louisiana has sustained because of Defendants' actions, plus a civil penalty of $10,000 for each violation of La. Rev. Stat. §437 et seq.;

13.     That this Court enter judgment against Defendants in an amount equal to three times the amount of damages the State of Maryland has sustained because of Defendants' actions, plus a civil penalty of $10,000 for each violation of the Maryland False Claims Health Act of 2010, Subtitle 6, False Claims Against State Health Plans and State Health Programs, §2-601 et seq.;

14.     That this Court enter judgment against Defendants in an amount equal to three times the amount of damages the State of Massachusetts has sustained because of Defendants' actions, plus a civil penalty of $10,000 for each violation of Mass. Gen. L. Ch. §5B;

15.     That this Court enter judgment against Defendants in an amount equal to three times the amount of damages the State of Michigan has sustained because of Defendants' actions, plus a civil penalty of $10,000 for each violation of MCL 400.601 et seq.;

16.     That this Court enter judgment against Defendants in an amount equal to three times the amount of damages the State of Minnesota has sustained because of Defendants' actions, plus a civil penalty of $11,000 for each violation of Minn. Stat. §15C.01 et seq.;

17.     That this Court enter judgment against Defendants in an amount equal to three times the amount of damages the State of Montana has sustained because of Defendants' actions, plus a civil penalty of $10,000 for each violation of the Montana False Claims Act, Mont. Code Ann. §17-8-401 et seq.;

18.     That this Court enter judgment against Defendants in an amount equal to three times the amount of damages the State of Nevada has sustained because of Defendants' actions, plus a civil penalty of $10,000 for each violation of Nev. Rev. Stat. Ann. §357.040(1);

19.     That this Court enter judgment against Defendants in an amount equal to three times the amount of damages the State of New Hampshire has sustained because of Defendants' actions, plus civil penalties for each violation of N.H. Rev. Stat. Ann. §167:61-b(I);

20.     That this Court enter judgment against Defendants in an amount equal to three times the amount of damages the State of New Jersey has sustained because of Defendants' actions, plus civil penalties for each violation of N.J. Stat. §2A:32C-1 et seq.;

21.     That this Court enter judgment against Defendants in an amount equal to three times the amount of damages the State of New Mexico has sustained because of Defendants' actions, plus civil penalties for each violation of N.M. Stat. Ann. §27-14-1 et seq. and N.M. Stat. Ann. §44-9-1 et seq.;

22.     That this Court enter judgment against Defendants in an amount equal to three times the amount of damages the State of New York has sustained because of Defendants' actions, plus a civil penalty of $12,000 for each violation of N.Y. Fin. §§187 et seq.;

23.     That this Court enter judgment against Defendants in an amount equal to three times the amount of damages the State of North Carolina has sustained because of Defendants' actions, plus a civil penalty of $11,000 for each violation of N.C. Gen. Stat. §§1-605 et seq.;

24.     That this Court enter judgment against Defendants in an amount equal to three times the amount of damages the State of Oklahoma has sustained because of Defendants' actions, plus a civil penalty of $10,000 for each violation of 2007 OK. ALS 137;

Case 1:13-cv-00036-JPJ-PMS *SEALED*   Document 35-3   Filed 12/13/16   Page 57 of 61   Pageid#: 786

25.     That this Court enter judgment against Defendants in an amount equal to three times the amount of damages the State of Rhode Island has sustained because of Defendants' actions, plus civil penalties for each violation of R.I. Gen. Laws §9-1.1-1 et seq.;

26.     That this Court enter judgment against Defendants in an amount equal to three times the amount of damages the State of Tennessee has sustained because of Defendants' actions, plus a civil penalty for each violation of Tenn. Code Ann. §71-5-182(a);

27.     That this Court enter judgment against Defendants in an amount equal to three times the amount of damages the State of Texas has sustained because of Defendants' actions, plus a civil penalty of $10,000 for each violation of Tex. Hum. Res. Code Ann. §36.002;

28.     That this Court enter judgment against Defendants in an amount equal to three times the amount of damages the State of Vermont has sustained because of Defendants' actions, plus a civil penalty of between $5,500 and $11,000 for each violation of 32 V.S.A. Chapter 7, subchapter 8, et seq.;

29.     That this Court enter judgment against Defendants in an amount equal to three times the amount of damages the Commonwealth of Virginia has sustained because of Defendants' actions, plus a civil penalty of $10,000 for each violation of Va. Code Ann. §8.01-216.3(A);

30.     That this Court enter judgment against Defendants in an amount equal to three times the amount of damages the State of Washington  has sustained because of Defendants' actions, plus a civil penalty of $10,000 for each violation of the Washington Medicaid False Claims Act;

117

31.     That this Court enter judgment against Defendants in an amount equal to three times the amount of damages the State of Wisconsin has sustained because of Defendants' actions, plus a civil penalty of $10,000 for each violation of Wis. Stat. §20.931 et seq.;

32.     That this Court enter judgment against Defendants in an amount equal to three times the amount of damages the District of Columbia has sustained because of Defendants' actions, plus a civil penalty of $10,000 for each violation of D.C. Code Ann. §2-308.14(a);

33.     That by reason of the aforementioned violations of the Chicago False Claims Act provisions that this Court enter judgment in Relator-Plaintiff's favor and against Defendants in an amount equal to not less than two times and not more than three times the amount of damages that the City of Chicago has sustained because of Defendants' action, plus a civil penalty of not less than $5,000 and not more than $10,000 for each violation of the Municipal Code of Chicago, §1-22-010 - §1-22-060;

34.     That by reason of the aforementioned violations of the New York City False Claims Act provisions that this Court enter judgment in Relator-Plaintiff's favor and against Defendants in an amount equal to not less than two times and not more than three times the amount of damages that the City of New York has sustained because of Defendants' action, plus a civil penalty of not less than $5,000 and not more than $10,000 for each violation of the New York City False Claims Act, New York City Administrative Code §7-801 - §7-810;

35.     That this Court enter judgment against Defendants in an amount of three times the amount of each claim for compensation submitted in violation of Cal. Ins. Code §1871.7 plus the maximum penalty of $10,000 for each and every violation of the statute;

118

36.     That this Court enter judgment against Defendants in an amount equal to three times the amount of each claim for compensation by Defendants in violation of 740 Ill. Comp. Stat. §92, plus the maximum penalty of $10,000 for each and every violation of the statute;

37.     That Relator be awarded the maximum amount allowed as a Relator's Share pursuant to §3730(d) of the federal False Claims Act;

38.     That Relator be awarded the maximum amount allowed as Relator's Share under the equivalent provisions of the state statutes set forth above;

39.     That Relator be awarded the maximum amount allowed as a Relator's share under statutes of the City of Chicago and New York City, and insurance fraud statutes of California and Illinois as set forth above;

40.     That Relator be awarded all costs of this action, including attorney's fees, costs and expenses pursuant to §3730(d) and the state statutes set forth above; and

41.     That the United States, the individual States and Relator recover such other relief as the Court deems just and proper.

Respectfully submitted,

ANN MARIE WILLIAMS

By: _____

Of Counsel

James H. Shoemaker, Jr., VSB No. 33148
Scott R. Reichle, VSB No. 40016
Patten, Wornom, Hatten & Diamonstein, L.C.
12350 Jefferson Avenue, Suite 300
Newport News, Virginia 23602
(757) 223-4500
(757) 223-4518 (facsimile)
jshoemaker@pwhd.com
sreichle@pwhd.com

119

Kenneth R. Yoffy
Virginia State Bar No. 20549
C. Thomas Turbeville, Jr.
Virginia State Bar No. 30641
Yoffy and Turbeville, P.L.C.
4805 Courthouse Street
Williamsburg, Virginia 23188
(757) 259-0800
757-259-4408
kyoffy@mac.com
tomtlaw@mac.com